UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BOBBY E. MONK | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. _____ |
| | ) |
| LCS FINANCIAL SERVICES | )    <u>Jury Trial Demanded</u> |
| CORPORATION and | ) |
| GARNER & CONNER, PLLC, | ) |
| | ) |
|     Defendants. | ) |

**COMPLAINT**

**INTRODUCTION**

1. This action arises out of Defendants' LCS Financial Services Corporation (hereinafter "LCS") and Garner & Conner, PLLC's (hereinafter "Garner") (collectively "Defendants") violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiff Bobby E. Monk (hereinafter "Plaintiff").

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper, pursuant to 28 U.S.C. § 1391(b), in this District as a substantial part of the acts and omissions giving rise to the Plaintiff's claims occurred here, the Plaintiff resides here, and the Defendants transact business here.

**PARTIES**

4. The Plaintiff is a natural person who resides in Hamblen County, Tennessee.

5. LCS is a for-profit foreign corporation (Colorado) registered to do business in Tennessee with a principal address of Jennifer Cohen, 6782 Potomac St, Ste 100, Englewood. CO 80112-4585 that maintains Registered Agent Solutions, Inc., 992 Davidson Dr, Ste B, Nashville, TN 37205-1051 as its registered agent.

6. Garner is a domestic professional limited liability company registered to do business in Tennessee with a principal address of 250 High St, Maryville, TN 37804-5918 that maintains Christopher W. Conner, 250 High St, Maryville, TN 37804-5918 as its registered agent.

## FACTUAL ALLEGATIONS

7. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. LCS, and its employees, regularly uses any instrumentality of interstate commerce or the mails, including using a telephone system, sending collection letters, and bringing legal actions as the named plaintiff, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Garner is an agent of LCS, and its owners and employees regularly engage in collection of consumer debts owed or due or asserted to be owed or due another and attempt to collect the debts by using communications in the form of telephone calls, collection letters, legal actions, judgment liens, and requests for the issuance of subpoenas, garnishments and levies on behalf of its clients, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendants have alleged the Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a debt for a foreclosure

2

Case 2:20-cv-00267-JRG-CRW   Document 1   Filed 12/30/20   Page 2 of 9   PageID #: 2

deficiency balance on a deed of trust originally owed to American Mortgage Service Company (hereinafter "AMC"), which was subsequently sold to LCS for the purpose to attempt collection from the Plaintiff (hereinafter "debt").

11. The property subject of the deed of trust was foreclosed on and sold at a substitute trustee's sale on December 28, 2016. **Copy of Substitute Trustee's Deed filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

*Collection Communications*

12. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

13. On or about May 26, 2017, LCS sent a collection letter dated May 26, 2017 to the Plaintiff in connection with collection of the debt and in an attempt to collect the debt (hereinafter "collection letter"). **Redacted copy of the collection letter is filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

14. On May 26, 2020, the Defendants brought a legal action against the Plaintiff in state court by filing a complaint supported only by a document titled "AFFIDAVIT OF PLAINTIFF'S CLAIM" (hereinafter "sworn affidavit") (collectively "legal action"). **Copy of legal action filed as exhibit 3 to this Complaint (hereinafter "Doc. 1-3").**

15. The legal action was brought by the Defendants against the Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that LCS is the creditor alleged to be owed the debt the Defendants are attempting to collect, and the amount alleged as owed, and is a "communication" as defined by 15 U.S.C. § 1692a(2). **See Doc. 1-3.**

3
Case 2:20-cv-00267-JRG-CRW   Document 1   Filed 12/30/20   Page 3 of 9   PageID #: 3

16. The legal action brought against the Plaintiff by the Defendants sought to collect a consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance allegedly owed by the Plaintiff for a deficiency balance after foreclosure of a deed of trust. **See Doc. 1-3.**

17. After the legal action was served on the Plaintiff, he hired an attorney to represent him in defending the legal action, who filed a timely answer and a Motion for Summary Judgment for the Plaintiff in the legal action, which was granted by the state court judge on December 10, 2020. **Copy of Order filed as exhibit 4 to this Complaint. (hereinafter "Doc. 1-4").**

18. As a result of the Plaintiff hiring an attorney to represent him in defending the legal action brought illegally by the Defendants, the Plaintiff incurred actual damages for attorney fees and costs.

## FAIR DEBT COLLECTION PRACTICES ACT

19. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

20. Congress passed the FDCPA because:

    **(a)  Abusive Practices**

    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    **(b)  Inadequacy of Laws**

    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

### (c) Available Non-Abusive Collection Methods

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

21. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **See 15 U.S.C. § 1692 (e).**

22. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

23. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

24. "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

5

Case 2:20-cv-00267-JRG-CRW   Document 1   Filed 12/30/20   Page 5 of 9   PageID #: 5

# FDCPA CLAIMS

## *Legal Action Brought by the Defendants on Time-Barred Debt*

25. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

26. Tennessee Code Annotated § 35-5-118(d)(1)(A) states that:

> (1) Any action for a deficiency judgment under this section shall be brought not later than the earlier of:
>
> > (A) Two (2) years after the date of the trustee's or foreclosure sale, exclusive of any period of time in which a petition for bankruptcy is pending;

27. The cause of action for bringing a legal action in an attempt to collect the debt accrued when the trustee's sale occurred, which was on December 28, 2016, and the deadline to bring a legal action to attempt collection of the debt within the statute of limitations expired on December 28, 2018.

28. The legal action was brought against the Plaintiff by the Defendants on May 26, 2020. **See Doc. 1-3.**

29. Nothing in the legal action brought by the Defendants disclosed that: (a) the collection of the debt by the bringing of the legal action against the Plaintiff was barred by the statute of limitations, and (b) a partial payment on a time-barred debt restarts the statute of limitations clock under Tennessee law. *See Graves v. Sawyer*, 588 S.W.2d 542, 544 (Tenn. 1979). **See Doc. 1-3.**

30. The Federal Trade Commission has determined that: "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with

Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States v. Asset Acceptance LLC*, Case No. 8:12-CV-182-JDW-EAJ (M.D. FL 2012).

31. Defendants knew or should have known that the statute of limitations for collection of the alleged debt had expired and/or Defendants willfully or negligently failed to make a reasonable investigation as to the date when the alleged deficiency balance occurred.

32. By attempting to collect from the Plaintiff with communications in the form of the legal action on a time-barred debt: (a) without having first determined after a reasonable inquiry that the limitations period had expired, and (b) without disclosing in the legal action that: (1) the collection of the debt by bringing the legal action against the Plaintiff was barred by the statute of limitations, and (2) a partial payment on a time-barred debt restarts the statute of limitations clock under Tennessee law. *See Buchanan v. Northland Group*, 776 F.3d 393 (6th Cir. 2015), the Defendants engaged in false, deceptive, misleading, and unfair acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

*Summary*

33. The above-detailed conduct by the Defendants in connection with collection of the debts and in an attempt to collect the debts was conduct in violation of numerous and multiple provisions of the FDCPA, but not limited to the above-cited provisions.

**TRIAL BY JURY**

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

# CAUSES OF ACTION

## COUNT I-VII

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1)

35. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

36. The Defendants' foregoing acts and omissions constitute numerous and multiple FDCPA violations including, but not limited to each and every one of the above-cited FDCPA provisions, with respect to Plaintiff.

37. As a result of the Defendants' FDCPA violations, Plaintiff are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00 each; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

## COUNT I-VII

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against the Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants and for Plaintiff; and

- for such other and further relief, as may be just and proper.

12/30/20                                        Respectfully submitted,

**BOBBY E. MONK**


s/      Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorney for Plaintiff